IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHON BERRONG,

        Plaintiff,

    v.

MARK GANNON, LLP, c/o
Travelers Insurance Company, and
ADAM P. SMITH, c/o State Farm
Mutual Automobile Insurance
Company,

        Defendants.

1:15-cv-4386-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Chon Berrong[1] ("Plaintiff")

Objections [14] to Magistrate Judge Janet F. King's Final Report and

Recommendation [10] ("R&R"), following her review of Plaintiff's Complaint [1]

pursuant to 28 U.S.C. § 1915(e)(2).[2]  Also before the Court are Plaintiff's Motions

---

[1]     Plaintiff is also known as Shon Berrong.

[2]     That the Magistrate states that she screened Plaintiff's Complaint under 28
U.S.C. § 1915A in the R&R appears to be a typographical error.  (See R&R at 1).
Section 1915A requires the court to review a complaint in a civil action in which a
prisoner seeks redress from a government entity, officer, or employee, and to
dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon
which relief may be granted . . . ."  28 U.S.C. § 1915A.   28 U.S.C. § 1915(e)
applies to civil actions filed *in forma pauperis*, and requires the court to dismiss the

for a Preliminary Injunction [7, 8, 13].

## I.      BACKGROUND

On December 16, 2015, the Clerk received and docketed Plaintiff's most recent filing entitled, "Prisoner Civil Rights 28 U.S.C. [§]1332" ("Complaint").[3] The Magistrate Judge construed Plaintiff's allegations against Defendants as a civil rights action under 42 U.S.C. § 1983.  Plaintiff asserts a variety of unintelligible claims against "Mark Gannon, LLP co [sic] Travelers Insurance Company in Wilson & Associates" ("Gannon") and "Adam P. Smith State Farm Mutual Automobile Insurance Company and/or State Farm Fire and Casualty Company" ("Smith") (together, "Defendants").

In his Complaint, Plaintiff "alleges he was in a [sic] unresolved settlement

---

complaint if it is frivolous or malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff does not identify a government entity, officer, or employee as a defendant and thus 28 U.S.C. § 1915A does not apply.  The Magistrate Judge applied the correct standard, 28 U.S.C. § 1915(e)(2)(B), to her analysis of Plaintiff's Complaint in the R&R.

[3]      Plaintiff, proceeding *pro se*, is incarcerated at the Dooly State Prison in Unadilla, Georgia.  This Court has previously received and dismissed two (2) similar complaints submitted by Plaintiff against various, often unidentified, defendants.  See Berrong v. Fincher, No. 1:15-cv-3639-WSD (N.D. Ga. Apr. 20, 2016) (dismissed under § 1915A for failure to state a claim); see also Berrong v. Unnamed Defendants, No. 15-cv-2497 (N.D. Ga. Apr. 26, 2016) (dismissed under § 1915A for failure to state a claim).  In both of these actions—as in this action—the complaints were difficult, if not impossible, to discern what claims for relief Plaintiff sought to assert and against whom he sought to bring the unspecified claims.

improper venue from Wilson & Associates, caused a smoke inhalation insufficiency service of process when a 'ladder' that was welded to the wall was taken out and abandoned me." (See Compl. at 5). Plaintiff seeks damages in the amount of "seventy five thousand dollars in relief of [sic] ten million dollars." (Id. at 11).

On February 3, 2016, Plaintiff filed another document entitled "Order" in which he "seeks the Court to had [sic] knowledge of . . . improper venue of the courts [sic] decision . . . [and] to prove a lack of jurisdiction in [sic] Mark Gannon, LLP, Travelers Insurance Company." (See [5] at 2-3).

On February 25, 2016, Magistrate Judge King granted Plaintiff leave to proceed *in forma pauperis*.

On February 29, 2016, Plaintiff filed two (2) documents entitled "Preliminary Motion" [7, 8] in which Plaintiff appears to seek an order from the Court compelling the "State Department of Correction Prisoner at the Jackson Diagnostic Classification Prison" and the "Evans Courthouse" to "remove the 10 Commandments from inside the courthouse." (See 8 at 1-2; see also [7] at 2).

On March 22, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge found that Plaintiff's allegations are "nonsensical and simply insufficient to inform a defendant of the factual basis for a plausible claim" (R&R at 2), and she

3

recommended that Plaintiff's claims against Defendants be dismissed under 28 U.S.C. § 1915(e)(2).

On March 30, 2016, Plaintiff filed his "Order Preliminary Injunction [sic]" [13]. This document, like the rest of Plaintiff's filings, is nonsensical, rambling and incoherent. For example, Plaintiff "seeks the court to 1. [sic] Take the exercise equipment off the BIG YARD . . . . [sic]" (See [13] at 5). Plaintiff also alleges that his "change" to the "Blue Prison" "caused gate No. 158 to change from a hanging locked gate to a gate that is now a key lock." (Id. at 4).

On April 4, 2016, Plaintiff filed his Objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to

which objections have not been asserted, the Court must conduct a plain error

review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983),

cert. denied, 464 U.S. 1050 (1984).

Plaintiff's Objections are incoherent.  They do not address the Magistrate

Judge's reasons for recommending dismissal of Plaintiff's Complaint and instead

consist of rambling allegations that are nearly impossible to discern.[4]  These are

not valid objections and the Court will not consider them.  See Marsden v. Moore,

847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's

report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive, or general objections need not be considered by the district

court.").  The Court reviews the R&R for plain error.

> 2.    Frivolity Review

A court must dismiss cases filed *in forma pauperis* if at any time the court

determines the action is frivolous or malicious or that it fails to state a claim on

which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  Although overlap

exists between frivolous claims and claims that fail to state a claim on which relief

---

[4]    For example, Plaintiff "alleges that if he does not comply with Order to object Court Order will go into error of time of Accusation with the Interdependance [sic] need to 'report life" to avoid criminal liability in ('map') of (cf.) failure to report injury/death/damage a preemptive force of a charge misdu [sic]."  (Obj. [14] at 3).

can be granted, "the considerable common ground between these standards does not mean that one invariably encompasses the other." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555.

Review for frivolousness under § 1915(e)(2)(B)(i), on the other hand, addresses the concern that litigants filing complaints *in forma pauperis* may file baseless lawsuits that the costs of bringing suit and the threat of sanctions ordinarily discourage. See Neitzke, 490 U.S. at 327. For this reason, frivolousness review "'accords judges not only the authority to dismiss a claim based on an

6

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S. at 327).

B.    Analysis

The Magistrate Judge found that Plaintiff's Complaint does not contain any specific factual assertions or legal claims against Defendants, and Plaintiff's vague, conclusory allegations that Defendants "caused a smoke inhalation" and "abandoned him" are wholly insufficient to support a plausible claim for relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Twombly, 550 U.S. at 555. Plaintiff did not assert a valid objection to this recommendation, and the Court finds no plain error in it.

The Court also notes that a plaintiff may pursue relief under 42 U.S.C. § 1983 for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or

7

laws of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582

(11th Cir. 1995).  Only in rare circumstances can a private party be viewed as a

'state actor' for section 1983 purposes." [5]  Harvey v. Harvey, 949 F.2d 1127, 1130

(11th Cir. 1992).  It is axiomatic that "the under-color-of-state-law element of

§ 1983 excludes from its reach merely private conduct, no matter how

discriminatory or wrongful."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40,

49-50 (1999).  Here, Plaintiff does not allege, and it does not plausibly appear, that

the Defendants acted under the color of state law.  See Desravines v. Florida Dep't.

of Fin Serv., et al., No. 6:11-cv-235-Orl-22DAB, 2011 WL 2292180, at .4 (M.D.

Fla. May 23, 2011) (plaintiffs' Section 1983 claims against "the insurance

company Defendants, private corporations, or their insurance agents" dismissed

because plaintiffs did not allege that they were state actors).  Further, Plaintiff fails

---

[5]      Three tests are used to determine whether the actions of a private party
should be attributed to the state: (1) the public function test, which "limits state
action to instances where private actors are performing functions traditionally the
exclusive prerogative of the state"; (2) the state compulsion test, which "limits
state action to instances where the government has coerced or at least significantly
encouraged" the challenged action; and (3) the nexus/joint action test, which
applies when "the state has so far insinuated itself into a position of
interdependence with the [private party] that it [i]s a joint participant in the
enterprise."  See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d
1263, 1277 (11th Cir. 2003) (citations and internal quotations omitted).  Plaintiff
does not allege any facts suggesting that any of the tests would be satisfied in this
action.

to plead facts allowing the Court to find that Defendants' actions deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Plaintiff's Complaint fails to state a claim on which relief can be granted for these additional reasons. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R. Plaintiff's claims are required to be dismissed.

Because Plaintiff fails to state a viable claim for relief, Plaintiff's motions seeking preliminary injunctive relief are denied as moot.[6]

---

[6]     In view of Plaintiff's history of vexatious litigation, including the similarities between this filing and complaints that have previously been dismissed for failure to state a claim, and the incoherent nature of Plaintiff's Complaint and other filings, Plaintiff is advised that he may be subject to the filing restrictions contained in 28 U.S.C. § 1915(g) and that if "Plaintiff accumulates three strikes he will not be permitted to bring a civil action *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury." See Baity v. Campbell, No. 4:10-cv-542-SPM-GRJ, 2011 WL 3648237, at *4 (N.D. Fla. July 13, 2011); see also Glover v. Campbell, No. 4:06-cv-260-SPM, 2007 WL 1577854, at *2 (N.D. Fla. May 29, 2007) ("[T]his cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and thereby constitutes a 'strike' within the meaning of 28 U.S.C. § 1915(g)."); Schmidt v. Navarro, 576 F. App'x 897, 899 (11th Cir. 2014) (citing Brown v. Johnson, 387 F.3d 1344, 1347-48 (11th Cir. 2004)) (there are "three separate provisions of the PLRA—§§1915(e)(2)(B), 1915(g), and 1915A—any of which may be used to dismiss a complaint brought by a prisoner proceeding *in forma pauperis*").

III.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [14] are

**OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final

Report and Recommendation [10] is **ADOPTED**.  Plaintiff's Section 1983 claims

are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Preliminary

Injunction [7, 8, 13] are **DENIED AS MOOT**.


**SO ORDERED** this 17th day of May, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

10